79 F.3d 1163
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Denise A. NWACHIE, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 95-3584.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1996.
Rehearing Denied April 29, 1996.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Denise A. Nwachie petitions for review of the April 25, 1995 decision of the Merit Systems Protection Board, Docket No. SF0752950325-I-1, dismissing her appeal for lack of jurisdiction. Because the board did not err in determining that Nwachie breached her "last chance" settlement agreement with the Department of Veterans Affairs, we affirm.
 
 DISCUSSION
 
 2
 On February 15, 1994, the agency proposed removal of Nwachie based on excessive absences without leave and conduct in violation of employee ethical standards. The agency agreed to hold her removal in abeyance if she agreed to a "last chance" settlement agreement. Nwachie entered into the agreement, which prohibited her from having any unauthorized absences during a twelve-month probationary period. The agreement further provided that any failure to comply with the conditions of the agreement would result in immediate removal. As a condition to the agreement, Nwachie "waived all her appeal rights under Title 5 of the United States Code."
 
 
 3
 The agency removed Nwachie on December 7, 1994 for failure to comply with the last chance agreement. Specifically, Nwachie was absent without leave on November 28, 1994. She appealed the agency decision to the board. After a hearing, the board found that Nwachie had breached the last chance agreement and that therefore it lacked jurisdiction over her removal because she had waived her appeal rights. This appeal followed.
 
 
 4
 Our review of a board decision is limited by statute. We may set aside a board's decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. 7703(c) (1994). Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 5
 On appeal, Nwachie argues that the board lacked jurisdiction. She further argues that the consequences of her failure to abide by the last chance agreement were too severe. Thus, she requests this court to order the agency to retrain her, place her in a new job, and award back pay.
 
 
 6
 The board has jurisdiction to review the agency determination that Nwachie violated the last chance agreement. Stewart v. United States Postal Serv., 926 F.2d 1146, 1148 (Fed.Cir.1991). Here, Nwachie does not challenge the board's determination that she was absent without leave. Substantial evidence, including the testimony of Nwachie's supervisor, supports this finding. Therefore, we affirm. Although the results of Nwachie's violation of the last chance agreement are severe, as she asserts, she freely entered into the agreement with the agency and is bound by the results caused by her failure to comply with its terms. McCall v. United States Postal Serv., 839 F.2d 664, 667-68 (Fed.Cir.1988).